| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Reem Bello – State Bar No. 198840<br>GOE FORSYTHE & HODGES LLP<br>17701 Cowan, Lobby D, Suite 210<br>Irvine, CA 92614<br>Email: rgoe@goeforlaw.com<br>rbello@@goeforlaw.com<br>Telephone:  (949) 798-2460<br>Facsimile:   (949) 955-9437 | |
| ☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* : Great Wall International LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>GREAT WALL INTERNATIONAL LLC | CASE NO.: 2:26-bk-15140-VZ<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) GREAT WALL INTERNATIONAL LLC _____,
   filed a motion or application (Motion) entitled Debtor's Application To Employ Goe Forsythe & Hodges LLP,
   As General Bankruptcy Counsel; Declaration Of Robert P. Goe in Suppprt Thereof _____.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  05/28/2026

/s/Robert P. Goe
Signature of Movant or attorney for Movant

Robert P. Goe
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Robert P. Goe – State Bar No. 137019
Reem Bello – State Bar No. 198840
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Lobby D, Suite 210
Irvine, CA 92614
Email:   rgoe@goeforlaw.com
         rbello@@@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Chapter 11 Attorneys for: Great Wall International LLC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**GREAT WALL INTERNATIONAL LLC,**<br><br>Debtor and Debtor in Possession. | Case No. 2:26-bk-15140-VZ<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION TO EMPLOY GOE FORSYTHE & HODGES LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>[Local Bankruptcy Rule 2014-1(b)]<br><br>[No hearing required, unless an objection is timely filed with the court and served upon the applicant] |

   **TO THE HONORABLE VINCENT ZURZOLO UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS AND TO ALL PARTIES IN INTEREST:**

   Great Wall International LLC Debtor and Debtor-in-Possession (the "Debtor") in the above-captioned bankruptcy case, moves this Court for an order authorizing it to employ Goe Forsythe & Hodges LLP (the "Firm"), as its general bankruptcy counsel, pursuant to 11 U.S.C. § 327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, effective as of the petition date, and represents as follows:

/ / /

GOE FORSYTHE & HODGES LLP
11770 I Cowan,
Lobby D, Suite 210
Irvine, CA 92612

1.   The Debtor filed its Voluntary Petition under Chapter 11 on **May 26, 2026,** in the Central District of California, Santa Ana Division.  See Declaration of Robert P. Goe (the "Goe Declaration") at Paragraph 2.

2.   The Firm was engaged by the Debtor on May 15, 2026, as general chapter 11 counsel. A signed copy of the Retainer Agreement is attached to the Goe Declaration as **Exhibit 1**.

3.   The Debtor has selected the Firm as its general counsel in this chapter 11 Case.  See Goe Declaration, Paragraph 3.

4.   The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.  See Goe Declaration, Paragraph 4.

5.   The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.  See Goe Declaration, Paragraph 5.

6.   Debtor requires the services of the Firm to render the following types of professional services:

A.   To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

B.   To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor with respect to its assets and with respect to the claims of creditors;

C.   To advise Debtor regarding assumption and rejection of executory contracts and leases;

D.   To represent Debtor in any proceedings or hearings in the Bankruptcy Court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

E.   To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this chapter 11 case;

F.   To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

G.  To assist Debtor in negotiation, formulation, confirmation, and implementation of a chapter 11 plan of reorganization;

H.  To make any bankruptcy court appearances on behalf of Debtor; and

I.  To take such other action and perform such other services as Debtor may require of the Firm in connection with this chapter 11 case.  See Goe Declaration, Paragraph 6.

7.  Prior to the Petition Date, Debtor paid the Firm a pre-petition retainer of $50,000, and $22,274.40 in fees and costs were incurred pre-petition, such that $27,725.60 is held in trust. See Goe Declaration, Paragraph 7.

8.  The retainer was paid by Debtor's managing member and was a gift, such that no repayment will be sought by Ms. May Kay ("Ms. Kay").  Further, by executing this Application, Ms. Kay understands the Firm represents Debtor only and not her personally and that the Firm's undivided duty of loyalty is to Debtor only.

9.  To the best of Debtor's knowledge, and based upon the Goe Declaration, neither the Firm nor any of the attorneys comprising or employed by it, have any connection with the United States Trustee, or any person employed in the office of the United States Trustee, Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or its respective attorneys or accountants, other than that Mr. Goe is a Sub V Bankruptcy Trustee. See Goe Declaration, Paragraph 8.

10.  The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.  See Goe Declaration, Paragraph 9.

11.  None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee. See Goe Declaration, Paragraph 11.

/ / /

/ / /

/ / /

GOE FORSYTHE & HODGES LLP
17701 Cowan,
Lobby D, Suite 210
Irvine, CA 92612

3

**WHEREFORE**, Debtor prays that the Court enter its Order as follows:

1.    Authorizing Debtor, based upon the foregoing and pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as its general bankruptcy counsel, with compensation to be in accordance with the terms set forth herein, effective as of the petition date; and

2.    Granting such other and further relief as the Court deems just and appropriate.

Dated: May 28, 2026

_____
May Kay, Managing Member
Great Wall International LLC

Respectfully presented by:

**GOE FORSYTHE & HODGES LLP**

By: /s/ *Robert P. Goe*
    Robert P. Goe
    Proposed Attorneys for Debtor
    Great Wall International LLC

GOE FORSYTHE & HODGES LLP
17701 Cowan,
Lobby D, Suite 210
Irvine, CA 92612

4

# DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare as follows:

1.    If called as a witness, I could and would testify competently and under oath to the facts set forth herein.  I am a Partner in the law firm of Goe Forsythe & Hodges LLP.   The facts set forth in this declaration are based upon my personal knowledge.

2.    The Debtor filed its Voluntary Petition under Chapter 11 on **May 26, 2026,** in the Central District of California, Santa Ana Division.

3.    The Firm was retained by the Debtor on May 15, 2026, as general chapter 11 counsel. A signed copy of the Retainer Agreement is attached hereto as **Exhibit 1.**

4.    The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.

5.    The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.

6.    Debtor requires the services of the Firm to render the following types of professional services:

A.    To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

B.    To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor with respect to its assets and with respect to the claims of creditors;

C.    To advise Debtor regarding assumption and rejection of executory contracts and leases;

D.    To represent Debtor in any proceedings or hearings in the Bankruptcy Court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

E.    To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this chapter 11 case;

5

F. To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

G. To assist Debtor in negotiation, formulation, confirmation, and implementation of a chapter 11 plan of reorganization;

H. To make any bankruptcy court appearances on behalf of Debtor; and

I. To take such other action and perform such other services as Debtor may require of the Firm in connection with this chapter 11 case.

7. Prior to the Petition Date, Debtor paid the Firm a pre-petition retainer of $50,000, and $22,274.40 in fees and costs were incurred pre-petition, such that $27,725.60 is held in trust.

8. The retainer was paid by Debtor's managing member and was a gift, such that no repayment will be sought by Ms. Kay. Further, by executing this Application, Ms. Kay understands the Firm represents Debtor only and not her personally and that the Firm's undivided duty of loyalty is to Debtor only.

9. Neither the Firm nor any of the attorneys comprising or employed by it, have any connection with the United States Trustee, or any person employed in the office of the United States Trustee, Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or its respective attorneys or accountants, other than that I am a Sub V Bankruptcy Trustee

10. The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.

11. A list of the professionals employed by the Firm and their current hourly rates are set forth in the Retainer Agreement.

12. None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this **28th day of May 2026**, at Irvine, California.


/s/Robert P. Goe
Robert P. Goe

# EXHIBIT 1

# EXHIBIT 1





**Robert P. Goe**
**Attorney at Law**
RGoe@goeforlaw.com

May 15, 2026

<u>**SENT VIA U.S. MAIL AND EMAIL –**</u> <u>may@valleyhotelgroups.com</u>
May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
704 Mira Monte Place, Suite 201
Pasadena, CA 91101

      **Re:**    <u>**Legal Representation by Goe Forsythe & Hodges LLP**</u>

Dear May:

Thank you for asking Goe Forsythe & Hodges LLP (the "Firm") to serve as your counsel in connection with the legal matter set out below.  This letter sets forth the terms of our retention.  Please sign the enclosed copy in the space provided and return it to us. Understand that the Firm has not yet been retained and that our services will not commence until this agreement is signed and returned along with the retainer monies referred to below.  Once executed, this agreement may not be changed or modified except by a written document signed by each of us.

<u>**IDENTITY OF THE CLIENT(S):**</u>  The client(s) retaining the Firm by this agreement is: **GREAT WALL INTERNATIONAL, LLC**.  The client(s) will be referred to in this agreement as "You," "Your" or "Client."

<u>**SUBJECT OF REPRESENTATION:**</u>  You have engaged the Firm to represent You in connection with the preparation and filing of a **chapter 11 bankruptcy petition**.  You have represented and the Firm has been unable to confirm that the non-judicial foreclosure sale of Hua Nan Commercial Bank, LTD. is May 28, 2026.  Client also understands the Firm shall not file in the bankruptcy case a motion to compel turnover by the receiver.

Please understand that if the subject of our representation is a litigation matter or contested matter of any sort, a writ proceeding or appeal relating to said matter is not at all covered by this agreement.  In the event you wish for the firm to handle any writ or appeal, including the mere filing of a Notice of Appeal or other writing necessary to preserve your right to appellate review, a separate written fee agreement is required.

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 2

**TAX RAMIFICATIONS:**  Unless otherwise agreed either herein or elsewhere in writing, the Firm has not been retained to provide You with advice or direction regarding any possible tax ramifications arising out of the Firm's representation of You.  You further understand that, unless otherwise agreed in writing, the Firm will not be responsible for alerting You throughout the representation of any actual or potential tax-related matters. The Firm strongly encourages You to discuss all tax matters with competent tax counsel.

**POWER OF ATTORNEY:**  Through this agreement You hereby grant the Firm Power of Attorney to execute all documents connected with the claim for which the Firm is retained, including pleadings, contracts, commercial paper, checks and releases, verifications, dismissals, orders and all other documents that You would properly execute, only after full consultation with You.

**HOURLY RATES:  The Firm's current hourly rates are as follows:**

| Attorneys | | Paralegals | |
|---|---|---|---|
| Robert P. Goe | $725.00 | Kerry Murphy | $275.00 |
| Marc C. Forsythe | $725.00 | Britney Bailey | $250.00 |
| Ronald S. Hodges | $725.00 | Arthur Johnston | $250.00 |
| Dixon L. Gardner | $595.00 | Janine Fountain | $250.00 |
| Reem J. Bello | $595.00 | Lauren Gillen | $225.00 |
| Charity J. Manee | $585.00 | Evan Siegel | $200.00 |
| Ryan S. Riddles | $550.00 | | |
| Brandon J. Iskander | $550.00 | | |
| Olivia Cannon | $475.00 | | |
| Lauren E. Raya | $450.00 | | |
| Adam O'Shea | $385.00 | | |
| Ashley Kinder | $350.00 | | |
| | | | |
| *Of Counsel* | | | |
| Jeffrey Broker | $750.00 | | |
| Abe Salen | $675.00 | | |
| Brian Van Marter | $650.00 | | |
| Greg Preston | $650.00 | | |
| Taylor DeRosa | $450.00 | | |

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 3

**ADJUSTMENTS TO RATES**:  Please understand that the hourly rates charged for these services are reviewed from time to time and revised or otherwise adjusted as circumstances indicate appropriate, usually at January 1 of each year.  Any adjustment in billing rates will be reflected in Your statements.

**PAYMENT OF INVOICES:** Prior to the filing of the bankruptcy case, invoices are due and payable upon presentation to You.  Any other arrangements, such as payments and installments, must be agreed to in writing. After the bankruptcy case is filed, the bankruptcy court requires the Firm apply to the Court for Payment of its fees and costs.  The fees and costs are due and payable when the bankruptcy court approves the Firm's fees and costs.

**LATE PAYMENT CHARGE:** In the event You fail to pay the Firm all monies as they become due after the fifth calendar day after a Bankruptcy Court Order is entered and becomes final the date the invoice is mailed), the unpaid balance shall be subject to a monthly late payment charge of .833% of the outstanding balance.  Failure to enforce this late payment charge provision on one or more occasions shall not constitute a waiver of the Firm's right to pursue said charge in the future.

**INITIAL RETAINER:**  The Firm requires a retainer when it begins working for clients to secure the payment of its fees, costs and expenses.  It is necessary for You to remit an initial earned upon receipt retainer of **$50,000** which may be applied to Your ongoing billing.  Alternatively, the Firm may hold the retainer in trust until your final bill.  Any excess will be returned to You at the time our final billing is rendered.

**COSTS AND EXPENSES:**   In addition to fees for the services provided, You acknowledge that additional costs will be incurred on Your behalf and shall be paid by You.  Costs and expenses shall include, but not be limited to, filing fees, photocopy charges, computer research, telephone usage, incoming and outgoing faxes, access postage, travel, expert fees, investigation expenses, messenger and delivery fees.  The Firm may, in its discretion, advance such costs and expenses and any such sums so advanced must be paid by You upon presentation of the invoice.  Understand, however, the Firm is under no obligation to advance any costs on Your behalf.

**ARBITRATION AND FEE DISPUTES IF A BANKRUPTCY IS FILED OR IF NOT FILED:**  In the event of a Chapter 11 filing by Client, the ultimate fees to be awarded the Firm for its representation of the Client in chapter 11 case must be approved by the Bankruptcy Court (the Court"). The Court will retain jurisdiction with regard to all disputes regarding the Firm's employment, its attorney's fees or costs, including attorney's fees or costs incurred resolving a dispute.

If a Chapter 11 case is not filed and any dispute arise between You and the Firm that is in any way related to the performance of this agreement by either party or the Firm's

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 4

representation of You in the matter described above or in any other matter, including disputes regarding fees, or claims regarding breach of contract, professional malpractice or any other claim based in law or equity, You and the Firm agree to have any such claim(s) resolved through <u>binding arbitration by the Judicial Arbitration and Mediation Services (J.A.M.S.),</u> in Orange County, California.  All questions as to whether or not an issue constitutes a dispute or other matter arbitrable under this arbitration agreement shall be resolved by binding arbitration in accordance with this paragraph.  Should You contend any services were performed improperly or below the standard of care You must raise that defense in the arbitration proceeding as an offset to, or reduction or complete elimination of the fees we contend You owe.  In the event the arbitrator eliminates all of our fees and You still believe You have a claim not satisfied, it is still subject to arbitration.  Either party may initiate the arbitration process without resort to any court proceeding, by filing out and submitting a completed "Demand for Arbitration Before J.A.M.S." which is available at J.A.M.S.'s website.  The arbitration shall be administered by a single arbitrator from J.A.M.S. pursuant to J.A.M.S.'s Comprehensive Arbitration Rules and Procedures (the "Rules"), which are available at J.A.M.S.'s website.  In the event any provision of the Rules is inconsistent with any provision of this Agreement, the provisions contained in this Agreement shall govern unless the Rules expressly require otherwise, in which case the required Rules will be enforced.  The cost of the arbitration shall be split evenly among the parties to this agreement.  Any award shall be final, binding and conclusive upon You and the Firm with no right to any appeal, and a judgment rendered thereon may be entered in any court having jurisdiction of any such dispute.  The prevailing party in any arbitration between You and the Firm, or in any litigation between You and the Firm required notwithstanding this arbitration provision, shall be entitled to recover reasonable attorneys' fees and costs (including administration expense associated with the arbitration itself).  Nothing herein prohibits the pursuit of provisional relief in the Courts or other tribunal.  You and the Firm agree that service of all documents, including the "Demand for Arbitration Before J.A.M.S.," shall be made by regular U.S. mail.  **YOU ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION, YOU WAIVE ANY RIGHT THAT YOU HAVE TO A COURT OR JURY TRIAL FOR ANY AND ALL DISPUTES BETWEEN YOU AND THE FIRM, AND BY SIGNING THIS AGREEMENT YOU EXPRESSLY ACKNOWLEDGE THAT YOU ARE AWARE OF THE FOREGOING.**  You further acknowledge and agree that the arbitration shall be governed by the laws of the State of California and that the forum for any dispute arising hereunder, including the site of the arbitration, shall be the County of Orange, State of California.  The arbitrator shall follow the laws of California and may not invoke any other basis (including, but not limited to, notions of "just cause") to rule on the claims.

**CELL PHONE AND E-MAIL COMMUNICATION:**  The Firm hereby informs You and You hereby acknowledge that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone and/or unencrypted emails, that such communications are capable of being intercepted by others and therefore may

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 5

be deemed no longer protected by the attorney-client privilege, and that You must inform the Firm in writing if You do not wish the Firm to discuss privileged matters on cell telephones and/or email with You or Your professionals or agents.

**COOPERATION:**  To enable the Firm to consult with You effectively, You agree to cooperate fully with the Firm in all developments and to fully and accurately disclose all facts and documents that may be relevant to the matter or that the Firm may otherwise request and to preserve and provide same upon request.  You also will make Yourself and other appropriate client personnel reasonably available to attend meetings, conferences, depositions, hearings and other proceedings as may be deemed necessary by the Firm.

**NO GUARANTY OF SUCCESS:**  You understand that the Firm has made no representation or guaranty concerning a successful outcome on the matter in which consulting services are being provided and that legal matters, particularly litigation, come with great expense and very uncertain results.

**CONFLICTS:**  In undertaking this representation, the Firm's objective is to represent You to the best of its ability without forfeiting the continuing representation of the Firm's general clients.  One purpose of this letter, therefore, is to avoid the Firm's disqualification from providing legal services for others on a more general basis for whom the Firm regularly represents in particular matters or controversies.

It is possible that during the time the Firm is representing Your interests in the current matter for which the Firm has been engaged, You become involved in transactions or disputes in which Your interests are adverse to those of one of the Firm's present or future clients.  If such a conflict were to arise between Your interests and those of another present or future client of the Firm, the Firm will apprise You of that fact, but reserves the right to represent the interests of the other client with respect to that particular matter.  If such conflicts cannot be resolved or are not waived by both parties, the Firm reserves the right to withdraw from its engagement of either or both parties.

**TERMINATION:**  You may terminate this agreement at any time by written notice to the Firm. Your termination of the Firm's services will not affect Your responsibility for payment of fees and costs incurred before termination or in connection with the closing or transition of the matter.  If termination occurs, Your papers and property will be returned to You promptly upon request.  The Firm's own files pertaining to all matters will be retained consistent with its document retention policy.  It is agreed that all fees and costs accrued at the time of withdrawal will be immediately due and payable.

The Firm may terminate this agreement and withdraw from providing further services to You if You fail to fulfill Your obligations under this agreement, including Your obligation to pay the Firm's fees and expenses as they become due, or as permitted or required under

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 6

any applicable standards of professional conduct or upon the Firm's reasonable notice to You, or if irreconcilable differences develop between the Firm and You which, in the Firm's sole discretion, would significantly impair the ability of the Firm to satisfactorily and effectively discharge its duties to You.  Termination by the Firm will not affect Your responsibility to pay all fees and costs incurred.

In the event the Firm's services are terminated after the filing of a Chapter 11 filing and a new Firm or attorney is not substituted into the case on your behalf, the Bankruptcy Court requires the Firm seek a Bankruptcy Court Order terminating its services by the filing and serving a Motion to Be Relieved as Counsel.

**FILE STORAGE:**  After closing the file, all documents or materials may be archived without further notice to You.  After three (3) years, the Firm reserves the right to permanently dispose of any unclaimed materials.

**CONSENT TO USE OF INFORMATION:**  In connection with marketing materials that describe facets of our law practice and recite examples of matters we handle on behalf of clients, You agree that those materials may identify You as a client, may contain factual synopses of Your matters, and may indicate generally the results achieved.

**BINDING EFFECT:**  This is a binding legal contract.  The Firm has, by this contract, agreed to expend reasonable efforts and exercise reasonable judgment on Your behalf and may have to forego other engagements with other actual or potential clients.  You agree to provide reasonable cooperation and assistance to the Firm and that the Firm shall be entitled to payment pursuant to this agreement, regardless of the outcome of the work and regardless of whether You are or are not satisfied with the results obtained by the Firm.

**SEVERABILITY:**  If any of these provisions is stricken in an arbitration or a court proceeding, the remainder shall constitute the agreement at the discretion of the Firm.

**COUNTERPARTS:**  Each person counter-signing the agreement warrants that he or she has authority to do so.

**REVIEW:  You acknowledge that the Firm has discussed the terms of this agreement and that the Firm has given You the reasonable opportunity to have this agreement reviewed by an attorney or other person of Your choosing prior to You signing it.**

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 7

Please review this letter carefully and, if the terms and conditions of the Firm's representation and the billing arrangements meet with Your approval, please sign the enclosed copy of this letter and return it to the Firm so that we may begin work. Please call if You have any questions.

Very truly yours,

**GOE FORSYTHE & HODGES LLP**

Robert P. Goe

RPG/kam

**ACKNOWLEDGED AND AGREED:**

The undersigned, **after reading and understanding all of its terms, including those pertaining to the conflict waiver in the agreement,** understands and agrees to the foregoing terms for the legal services by the Firm.

**GREAT WALL INTERNATIONAL, LLC**

Dated: _May 18, 2026._                By: _____
                                        May Kay, Manager

**CONTACT INFORMATION FOR CLIENTS:**
**(please correct or update if you have new information not reflected below:**

Party(ies) to Contact:                 May Kay, Manager

Office phone number(s):                1 ( 626) 588-2889

Tax ID Number for Business

_____|||| _____

17701 Cowan, Suite 210, Irvine, CA 92614 ~ Tel: 949.798.2460 ~ Fax: 949.955.9437
www.goeforlaw.com

EXHIBIT 1                                              Page 7 of 8

May Kay, Manager
GREAT WALL INTERNATIONAL, LLC
May 15, 2026
Page 8

Office fax number(s): _____

Mobile phone numbers: 1 (626) 512-8768

E-mail addresses: **may@valleyhotelgroups.com** _____

Address(es) if different than on page 1: _____

_____

_____

_____

_____

_____

_____

_____

_____

17701 Cowan, Suite 210, Irvine, CA 92614 ~ Tel: 949.798.2460 ~ Fax: 949. 955.9437
www.goeforlaw.com

EXHIBIT 1                                    Page 8 of 8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17701 Cowan, Lobby D, Suite 210
Irvine, CA 92614

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/28/2026   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe     rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;
Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
Kelly L Morrison     kelly.l.morrison@usdoj.gov
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On (*date*) 05/28/2026   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/28/2026   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo, USBC, 255 East Temple Street, Suite 1368, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/28/2026 | Kerry A. Murphy | /s/Kerry A. Murphy |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**In re Great Wall International LLC
U.S.B.C Case No. 2:26-bk-15140-VZ**

**Debtor**
Great Wall International LLC
Attention: May Kay
704 Mira Monte Place, Suite 201
Pasadena, CA 91101-2521

**United States Trustee**
United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

## CREDITORS

ACM Security Systems
5779 Rosemead Blvd.
Temple City, CA 91780-1851

Aimbridge Hospitality
5301 Headquarters Drive
Plano, TX 75024-6187

Atkinson, Andelson, Loya, Ruud & Rom
12800 Center Court Drive Suite 300
Cerritos, CA 90703-9363

California Dept. of Fee & Tax Admin
P.O. Box 942879
Sacramento, CA 94279-0001

City of West Covina
1444 W. Garvey Avenue, South
West Covina, CA 91790-2716

David Stapleton
J.S. Held Advisory Group
445 South Figueroa Street Suite 2950
Los Angeles, CA 90071-1634

Employment Development Department
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Ever Kingdom Investment LLC
c/o May YS Kay, Agent for Service
704 Mira Monte Place Suite 201
Pasadena, CA 91101-2521

Everlight Investment Corporation
Defined Benefit Pension Plan
Min Kuo, Agent for Service
1232 St. Albans Road
San Marino, CA 91108-1856

Franchise Tax Board Bankruptcy
Section MS: A-30
P.O. Box 2952
Sacramento, CA 95812-2952

Hua Nan Commercial Bank, LTD
Los Angeles Branch
707 Wilshire Blvd., Suite 3100
Los Angeles, CA 90017-3513

InterContinental Group
3585 Atlanta Avenue
Atlanta, GA 30354-1705

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Los Angeles County Treasurer And Tax
Collector
Attn Bankruptcy Unit
PO Box 54110
Los Angeles CA 90054-0110

Maggie Zahan
1323 Waveley Drive
San Marino, CA 91108-2012

State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

Ted Chang
6232 North Muscatel Ave
San Gabriel, CA 91775-2627

Thong, Yu, Wong & Lee
8450 Garvey Ave, Suite 200
Rosemead, CA 91770-2600

Top Pure Water & Systems
2651 Lee Ave. | #9
South El Monte, CA 91733-1440