PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
KELLY L. MORRISON, SBN 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213)-894-2656 telephone
Email: Kelly.L.Morrison@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2:26-bk-15140-VZ |
| | ) |
| | ) Chapter 11 |
| **GREAT WALL INTERNATIONAL, LLC,** | ) |
| | ) |
| Debtor. | ) **UNITED STATES TRUSTEE'S NOTICE** |
| | ) **OF MOTION AND MOTION UNDER 11** |
| | ) **U.S.C. § 1112(B) TO DISMISS OR** |
| | ) **CONVERT; DECLARATION OF** |
| | ) **BANKRUPTCY AUDITOR MARLENE** |
| | ) **FOUCHE IN SUPPORT THEREOF** |
| | ) |
| | ) |
| | ) Hearing Date:  July 16, 2026 |
| | ) Time           10:00 AM |
| | ) Place          Courtroom 1368 |
| | )                255 E. Temple St. |
| | )                Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on July 16, 2026 at 10:00 AM in Courtroom 1368, or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California ("U.S. Trustee"), will and hereby does move this Court for an order

- 1 -

dismissing the case or converting it to Chapter 7 pursuant to 11 U.S.C. § 1112(b) for cause as set forth below.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and Declaration of Marlene Fouche attached hereto, all other papers and pleadings on file with this Court, and such argument or evidence as the Court might receive at the time of the hearing on the Motion.

Local Bankruptcy Rule 9013-1(1)(f) requires that any opposition or response to this Motion must be stated in writing, filed with the Clerk of the Court, and served on the U.S. Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 at least 14 days prior to the hearing. Failure to file and serve any opposition may be considered consent to the relief requested in this Motion.

DATE: June 17, 2026

Respectfully Submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By: _Kelly L. Morrison_ 
    Kelly L. Morrison
    Attorney for the United States Trustee

- 2 -

## I.  INTRODUCTION

The debtor, Great Wall International, LLC ("Debtor"), has failed to satisfy its Chapter 11 filing or reporting requirements and has failed to timely provide information reasonably requested by the United States Trustee ("U.S. Trustee").  Accordingly, cause exists under 11 U.S.C. § 1112(b) to dismiss or convert the Chapter 11 bankruptcy case.

## II.  JURISDICTION AND STANDING

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III.  STATEMENT OF FACTS

1.  On or about September 2025, prior to the commencement of this case, the Superior Court of California, County of Los Angeles, entered an order appointing David Stapleton as receiver ("Receiver") over all property of Great Wall International, LLC, including the real property located at 3223 East Garvey Avenue North, West Covina, California 91791, all buildings, improvements, and fixtures thereon, and the rents, issues, income, proceeds, revenues, and profits therefrom.[1]

2.  The Debtor commenced this case by filing a voluntary Chapter 11 petition on May 26, 2026 (the "Petition Date").[2]  The Debtor's own Schedules filed June 9, 2026, all of the Debtor's property is in the possession and control of the Receiver.[3]  At the meeting of creditor's held

[1] See Order Appointing Receiver attached starting at Page 4 of 51 to Docket No. 16 filed June 9, 2026 attached as Exhibit 1 hereto. The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by the Debtor, are admissible admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[2] See Pacer Docket for In re Great Wall International, LLC, 26-15140-VZ, attached hereto as Exhibit 2.

[3] See Exhibit 1, Schedules filed June 9, 2026.

pursuant to 11 U.S.C. Section 341 on June 17, 2026, the Debtor's manager testified that she does not know the account numbers of the accounts where Debtor's liquid funds are held.[4]

3.    More than three weeks have elapsed since the Petition Date. During that time, the Debtor in possession has taken no action to recover possession or control of the property of the estate. The Debtor has not filed a motion for turnover of the property by the Receiver under Section 543, has not sought relief concerning the Receiver's post-petition retention of estate property and has not otherwise sought to address the Receiver's control of estate assets. As of the date of this Motion, the Debtor in possession neither possesses nor controls, and cannot account for, the property of the estate.[5]

4.    Additionally, as of June 17, 2026, the Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtor in Possession Effective September 1, 2022 ("UST Guidelines"), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents and financial reports as follows:[6]

    a.  Information regarding the prepetition bank accounts, including proof of closure of same;

    b.  90-day Cash Flow Statement; and

    c.  Signature cards and a voided check for DIP account opened at East West Bank ending in 4675.

## IV.   LEGAL ARGUMENT

### A.   CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)

11 U.S.C. § 1112(b)(1) states:

---

[4] *See* Fouche Dec.

[5] *See* Exhibit 2.

[6] *See* Fouche Dec.

Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

The term cause includes the failure to maintain appropriate insurance that poses a risk to the estate or to the public; (the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and a failure timely to provide information or attend meetings reasonably requested by the United States trustee.  It also includes a failure to comply with the U.S. Trustee's reporting requirements under chapter 123 of title 28. *See* 11 U.S.C. § 1112(b)(4) (listing non-exhaustive factors that can constitute "cause" for dismissal of a case.  See also, . *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. B.A.P. 2000) (bankruptcy court has broad discretion in determining what constitutes "cause" for dismissal)..

Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable requirements of the U.S. Trustee.

**B.     THE DEBTOR CANNOT PERFORM THE DUTIES OF A DEBTOR IN POSSESSION IN THIS CASE.**

A debtor in possession is not a passive title-holder; it is a fiduciary charged with the possession, administration and preservation of property of the estate for the benefit of creditors. Section 1107(a) of the Bankruptcy Code vests a debtor in possession with the rights and powers, and imposes upon it, the functions and duties, of a trustee serving in a chapter 11 case. 11 U.S.C. § 1107(a). Among those duties, the debtor in possession must "be accountable for all property received." 11 U.S.C. § 704(a)(2), incorporated by 11 U.S.C. § 1106(a)(1). Where property of the estate is held by a prepetition receiver, i.e., a "custodian" within the meaning of 11 U.S.C. § 101(11), the debtor in possession is charged with pursuing the turnover and accounting that section 543 of the Code contemplates, so that estate property may be brought under the administration of

the estate. *See* 11 U.S.C. § 543(b). The premise of a chapter 11 case is that the debtor in possession holds and administers estate property for the benefit of creditors; a debtor that possesses nothing, controls nothing, and can account for nothing cannot discharge those duties.

That is precisely the situation here. The Debtor in possession does not have possession or control of any property of the estate; by its own petition, all scheduled property remains with the Receiver, and the Debtor's president cannot even identify where the Debtor's liquid funds are held. For three weeks, the Debtor has done nothing to recover, administer, or account for that property; it has sought neither turnover under section 543 nor any other relief directed at the Receiver's continued control. A debtor in possession that is unable to perform, or has simply abdicated, the core fiduciary functions the Code assigns to it is not administering an estate at all, and its continued chapter 11 case serves no reorganizational purpose while the property of the estate remains beyond its reach.

Section 1112(b) requires the Court, on request of a party in interest and after notice and a hearing, to dismiss a chapter 11 case for cause. 11 U.S.C. § 1112(b)(1). "Cause" is not limited to the grounds enumerated in section 1112(b)(4), but those grounds expressly include "gross mismanagement of the estate." 11 U.S.C. § 1112(b)(4)(B). The Debtor in possession's complete failure to take possession of, administer, protect, or account for property of the estate, and its inaction in the face of the Receiver's continued control of all estate property, clearly constitutes cause for dismissal, whether characterized as gross mismanagement of the estate or as the more fundamental inability of the Debtor to function as a debtor in possession at all. Because the property of the estate remains under the Receiver's control and beyond the administration of this Court, dismissal, rather than conversion, is in the best interests of creditors and the estate because a Chapter 7 trustee would immediately be placed in the same position. 11 U.S.C. § 1112(b)(1).

C.   **THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE REQUIREMENTS CONSTITUTES "CAUSE."**

A debtor's failure to timely satisfy filing or reporting requirement constitutes cause under 11 U.S.C. § 1112(b)(F) and (H).  Local Bankruptcy Rule 2015-2(a)(1) provides that debtors "must file reports in compliance with this Rule and any requirements established by the United States

- 6 -

Trustee…" Under the UST Guidelines, chapter 11 debtors must provide, among other things, the following documents to the U.S. Trustee within 7 days of the bankruptcy filing: proof of insurance coverage, declaration of closure of all pre-petition bank accounts, proof of opening Debtor in Possession accounts, list of insiders, projected cash flow, and tax returns. Additionally, Debtors are required to timely file monthly operating reports. Failure to comply with the U.S. Trustee's reporting requirements and Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case. *See In re Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983). As detailed above and in the attached supporting declaration, "cause" exists under 11 U.S.C. § 1112(b)(F) and (H) because of the Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

**D.     THE COURT SHOULD DISMISS THIS CASE.**

Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

In this case, all of the Debtor's property and its operations are in control of the Receiver. On that basis, based on the current evidence available, dismissal appears to be the appropriate remedy.

**V.     CONCLUSION**

For the reasons set forth above, the Court should find cause under § 1112(b) and grant the U.S. Trustee's motion and issue any other and further relief as this Court deems appropriate.

DATE: June 17, 2026             Respectfully Submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By:   *Kelly L. Morrison*
Kelly L. Morrison
Attorney for the United States Trustee

## DECLARATION OF MARLENE FOUCHE

I, Marlene Fouche, hereby declare:

1.     I am over the age of eighteen years, and if called upon to testify I could and would do so competently.  I am employed as a Bankruptcy Auditor by the United States Department of Justice and work in the Los Angeles Field Office of the United States Trustee Program.  I am the auditor assigned to the case of *In re: Great Wall International, LLC,* Case No. 2:26-bk-15140-VZ. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2.     I am familiar with the procedures of the U.S. Trustee for maintaining paper and electronic submissions by debtors to comply with the requirements of the U.S. Trustee for Chapter 11 debtors. In order for the U.S. Trustee to discharge his statutory duties, these procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case.  I have reviewed the files and electronic records of the U.S. Trustee for this case and have included the results of my review in this declaration.

3.     Based on my review of the case file, the Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtor in Possession Effective September 1, 2022 ("UST Guidelines"), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents and financial reports as follows:

a.     Information regarding the prepetition bank accounts, including proof of closure of same;

b.     90-day Cash Flow Statement; and

c.     Signature cards and a voided check for DIP account opened at East West Bank ending in 4675.

4.     In addition to the compliance issues, based upon my personal review of the PACER docket, neither the Debtor nor the Receiver have sought relief under Bankruptcy Code Section 543 or sought permission to use cash collateral.

-8-

5.      At the meeting of creditor's held pursuant to 11 U.S.C. Section 341 on June 17, 2026, the Debtor's manager testified that she does not know the account numbers of the accounts where Debtor's liquid funds are held.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on June 17, 2026 in Los Angeles, CA.

_____
Marlene Fouche, Bankruptcy Auditor

# EXHIBIT 1

Fill in this information to identify the case:

Debtor name    **Great Wall International LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:26-bk-15140**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D. Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F. Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G. Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H. Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        06/09/2026

X /s/ May Kay
Signature of individual signing on behalf of debtor

**May Kay**
Printed name

**Managing Member**
Position or relationship to debtor

Robert P. Goe - State Bar No. 137019
Reem J. Bello – State Bar No. 198840
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Building D
Irvine, CA 92614
rgoe@goeforlaw.com
rbello@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for Great Wall International LLC,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GREAT WALL INTERNATIONAL LLC,<br><br>Debtor. | Case No. 2:26-bk-15140-VZ<br><br>Chapter 11<br><br>**INTRODUCTION TO DEBTOR'S SCHEDULES** |

The Debtor is unable to list all assets and information in its Schedules.

On September 3, 2025, the Superior Court of California, for the County of Los Angeles, entered an Order Appointing David Stapleton of Stapleton Group, a part of J.S. Held as receiver to take possession, custody and control of the "Receivership Property".  The Receivership Property consists of all property of defendant Great Wall International LLC that constitutes (a) the "Property" as defined in the certain Deed of Trust dated April 26, 2017, including the real property located at and commonly described as 3223 East Garvey Avenue North, West Covina, California 91791 (APN #8451-016-035).  A copy of the Order is attached hereto as Exhibit A.

/ / /

/ / /

/ / /

/ / /

1

# EXHIBIT A

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
MATTHEW D. PHAM (BAR NO. 287704)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
          mpham@allenmatkins.com

Attorneys for Plaintiff
HUA NAN COMMERCIAL BANK, LTD.

**FILED**
Superior Court of California
County of Los Angeles

**09/03/2025**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ G. Gutierrez Jr. _____ Deputy

Electronically Received 08/29/2025 03:53 PM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

POMONA COURTHOUSE SOUTH

| | |
|---|---|
| HUA NAN COMMERCIAL BANK, LTD., | Case No. 25PSCV00416 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO Judge Bryant Y. Yang Department A |
| vs. | |
| GREAT WALL INTERNATIONAL LLC; and DOES 1 through 100, inclusive, | [PROPOSED] ORDER APPOINTING RECEIVER AND PRELIMINARY INJUNCTION |
| Defendants. | [Filed concurrently with Reply and Supplemental Declaration of Jui-Peng Wang] |
| | Date:   September 3, 2025 Time:   10:30 a.m. Place:  Pomona South Courthouse          400 Civic Center Plaza          Department A          Pomona, California 91766 |
| | Complaint Filed:   02/05/2025 |

///

///

///

///

///

///

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4935-7145-5076.1      [PROPOSED] ORDER APPOINTING RECEIVER & PRELIM. INJ.

On August 8, 2025, plaintiff Hua Nan Commercial Bank, Ltd. ("Plaintiff" or "Lender") filed the *Ex Parte Application for Temporary Appointment of Receiver, Issuance of Temporary Restraining Order, and Issuance of Order to Show Cause Why Appointment of Receiver Should Not Be Confirmed and Preliminary Injunction Should Not Be Issued* (the "Application").

On August 12, 2025, the Court held a hearing on the Application. Matthew D. Pham of Allen Matkins Leck Gamble Mallory & Natsis LLP appeared on behalf of Plaintiff. Dorothy Groza of CGS3 LLP appeared on behalf of defendant Great Wall International LLC ("Defendant" or "Borrower"). All other appearances are as noted on the record.

The Court ultimately continued the hearing on the Application to September 3, 2025, and ordered Defendant to file an opposition by August 25, 2025, and allowed Plaintiff to file a reply by August 29, 2025.

On August 26, 2025, Defendant filed an opposition to the Application (the "Opposition"), and on August 29, 2025, Plaintiff filed a reply in support of the Application (the "Reply").

On September 3, 2025, the Court held the continued hearing on the Application. All appearances are as noted on the record.

The Court having considered the Application, Opposition, Reply, and related papers filed by the parties and oral argument presented by counsel at the August 12, 2025, and September 3, 2025, hearings, and it appearing to the satisfaction of the Court that this is a proper case for granting the requested relief,

**IT IS HEREBY ORDERED** that

1. Receiver. David P. Stapleton (the "Receiver") of Stapleton Group, a part of J.S. Held ("Stapleton Group"), is hereby appointed as receiver to take possession, custody, and control of the Receivership Property (as defined below).

2. Receivership Property. The "Receivership Property" consists of all property of defendant Great Wall International LLC that constitutes (a) the "Property" as defined in

that certain *Deed of Trust* dated April 26, 2017 (attached as **Exhibit 3** to the Declaration of Jui-Peng Wang (the "Wang Declaration") filed in support of the Application), which was duly recorded in the official records of the Los Angeles County Recorder on May 4, 2017, as Document No. 20170495851, including, without limitation, that certain real property located at and commonly described as 3223 East Garvey Avenue North, West Covina, California 91791 (Los Angeles County, APN: 8451-016-035), all buildings, improvements, and fixtures thereon, and the rents, issues, income, proceeds, revenues, and profits therefrom, or (b) the "Collateral" as defined in that certain *Commercial Security Agreement* dated April 26, 2017 (attached as **Exhibit 4** to the Wang Declaration filed in support of the Application).

3.    Receiver's Oath and Bond.  The Receiver shall immediately, and before performing any duties, execute and file a receiver's oath and file the bond required by Code of Civil Procedure section 567(b) in the amount of **$10,000.00**.

4.    Powers and Duties.  The Receiver is granted the general powers and duties of a court-appointed receiver, as well as the following specific powers and duties with respect to the Receivership Property:

a.    To enter on and take possession, custody, and control of the Receivership Property;

b.    To operate, manage, maintain, and preserve the Receivership Property;

c.    To lease, sell, convey, or transfer the Receivership Property, in whole or in part, provided that the Receiver obtains Lender's prior written consent;

d.    To demand, collect, and receive all rents, issues, income, proceeds, revenues, and profits (including, without limitation, all security deposits, capital contributions, prepaid rents, advances, and fees) derived from, generated by, or otherwise related to the Receivership Property, or any part thereof, including all monies, checks, funds, room deposits, or proceeds in the possession of Borrower

that represent the rents, issues, income, proceeds, revenues, and profits derived from, generated by, or otherwise related to the Receivership Property;

e.   To bring and prosecute all proper actions for (i) removal from the Receivership Property of persons not entitled to entry thereon, (ii) protection of the Receivership Property, (iii) damage caused to the Receivership Property, and (iv) recovery of possession of the Receivership Property;

f.   To employ any person or firm to secure, maintain, and protect the Receivership Property (and preserve the value thereof), if the Receiver deems it necessary or appropriate in his reasonable discretion and judgment to do so;

g.   To hire, employ, and retain attorneys (with the Court's approval), certified public accountants, security guards, consultants, property management companies, brokers, and any other personnel or employees which the Receiver deems reasonably necessary to assist the Receiver in the discharge of his duties;

h.   To (i) confirm that Borrower has the Receivership Property adequately insured and in proper repair, (ii) promptly report any evidence or findings to the contrary to the parties and to the Court, (iii) if necessary, disburse funds for the maintenance of employment, flood, earthquake, fire, hazard, and liability insurance for the Receivership Property in amounts the Receiver may deem fit or proper, and (iv) cause all presently existing or acquired policies to be amended by adding the Receiver, the receivership estate, the property management company that the Receiver retains, and Lender as additional insureds;

i.   To take possession and control of all the records, entitlement documents, plans, drawings, title instruments, contracts, correspondence, insurance policies, books, and accounts of Borrower which disclose or refer to the Receivership Property, or rents, issues, income, proceeds, revenues, profits, assets, or liabilities pertaining to the Receivership Property, whether in the possession and control of Borrower or any of its agents, representatives, employees, or persons acting on its behalf; *provided, however*, that such books and records shall be made

available for the use of such agents, representatives, employees, and persons in the ordinary course of the performance of its duties, and that this provision shall not extend to documents or communications protected by the attorney-client privilege or work-product doctrine;

j.      To obtain copies of any and all entitlement documents, building and other permits, plans, specifications, and drawings pertaining to or affecting any part or all of the Receivership Property, and to obtain such permits, plans, specifications, and drawings from Borrower, from architects and contractors retained or formerly retained by Borrower, or from the city, municipality, county, or state in which such Receivership Property is situated if the Receiver deems it necessary or advisable in his discretion to do so;

k.      To engage a locksmith for the purposes of gaining entry to any of the Receivership Property through any security system, in order to obtain any property or documents to which the Receiver is entitled pursuant to this Order.  The Receiver may have locks or security codes changed, or have keys created that will work for the existing locks; *provided, however*, that the Receiver shall permit Borrower and its authorized representatives to have reasonable access to the Receivership Property upon Borrower providing the Receiver with at least two business days' written notice of Borrower's request for access;

l.      To continue in effect any contracts presently existing and not in default relating to the Receivership Property, including any franchise or other related contracts.  To the extent that Borrower is subject to a preexisting property improvement plan with the franchisor relating to a franchise agreement, the franchisor may not terminate the franchise agreement with Borrower due to noncompliance of such property improvement plan during the tenure of the receivership, without further order of this Court;

m.      Except as otherwise provided herein, to enter into or modify contracts affecting any part or all of the Receivership Property, including any franchise or

other related contracts, and to immediately terminate any existing contract which is not deemed beneficial or financially viable in the Receiver's reasonable discretion based upon the commercially reasonable operation of the Receivership Property;

n.    To make any repairs to the Receivership Property that the Receiver, in his reasonable discretion, deems necessary or appropriate;

o.    Subject to the terms herein, to pay and discharge out of the funds coming into his hands, all the expenses of the receivership and the costs and expenses of operation and maintenance of the Receivership Property that accrue during the course of the receivership, including all taxes, governmental assessments and charges in the nature thereof lawfully imposed upon the Receivership Property; *provided, however*, that no risk or obligation so incurred shall be at the personal risk or obligation of the Receiver, but a risk or obligation of the receivership estate, and that, for the avoidance of doubt, the Receiver is not obligated to pay any expenses or costs that accrue prior to the date of entry of this Order but, with the approval of Lender, may pay such pre-receivership expenses or costs that, in his reasonable discretion, are necessary and appropriate for the operation and maintenance of the Receivership Property; Receiver may not place a stop order or cancel any checks or payments made prior to September 3, 2025.

p.    To have the power, but not the obligation, to pay and discharge out of the funds coming into the Receiver's hands all obligations of Borrower due to Lender under the Loan Documents (as that term is defined in the Motion);

q.    To reasonably cooperate with Lender and Lender's agents, including Berkadia Real Estate Advisors, to provide reasonable access to the Receivership Property and the books and records to facilitate, among other things, appraisals, due diligence, and to assess the viability of the hotel.

r.    To expend funds to purchase merchandise, materials, supplies, and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay therefor the ordinary and usual rates and prices out of the funds that may come into the possession of the Receiver;

s. To (i) renew, apply for, obtain, and pay any reasonable fees for any lawful license, permit, or other governmental approval relating to the Receivership Property or the operation thereof, (ii) confirm the existence of and, to the extent permitted by law, exercise the privileges of any existing license or permit or the operation thereof, and (iii) do all things necessary to protect and maintain such licenses, permits, and approvals;

t. To apply for and transfer to the Receiver any liquor license associated with the Receivership Property and to incur all costs associated with the same;

u. To take possession and control of any and all merchant services agreements and depository lines associated with the Receivership Property, without interruption of services. The merchant servicer may not terminate the merchant service agreements with Borrower during the tenure of the receivership, without further order of this Court;

v. To take possession and control of all point-of-sale systems, reservation systems, credit card terminals, and other software, computers, and systems of the business(es) necessary to operate the Receivership Property;

w. To open and maintain such bank accounts as may be necessary for the deposit of monies collected or received by the Receiver, provided that all funds on deposit are used by an agency of the United States government (the "Receiver Bank Accounts"). The deposits or proceeds of deposits deposited in Borrower's bank accounts may be transferred to the Receiver Bank Accounts. The Receiver, in his discretion, may maintain in place, or renew in the name of the Receiver, all existing depository relationships existing between Borrower and its banks or other financial institutions. The Receiver may use Borrower's Taxpayer Identification Number(s) to establish the Receiver Bank Accounts. All financial institutions, insurance companies, governmental agents, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and governmental agencies and departments

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

-7-

4935-7145-5076.1    [PROPOSED] ORDER APPOINTING RECEIVER & PRELIM. INJ.

are hereby ordered to take direction from the Receiver as it relates to assets of the receivership estate and to surrender any and all funds held on deposit or apply such funds as directed by the Receiver;

x.      To deposit all proceeds received during the receivership on account of the collection of rents and other collections into the Receiver Bank Accounts. Any monies coming into the Receiver's possession or control and not expended for any of the purposes herein authorized (and excluding such sums as the Receiver determines, in his discretion, to retain for future expenditures) shall be retained by the Receiver and sequestered for the benefit of Lender in accordance with Lender's Loan Documents;

y.      To obtain advances and otherwise borrow funds from Lender (or its successors or assigns), on a secured basis with a first-priority blanket lien upon the Receivership Property, as may be necessary to satisfy the expenses of the receivership. All advances from Lender (or its successors or assigns) to the Receiver shall be evidenced by a receiver's certificate of indebtedness issued by the Receiver in favor of Lender (a "Certificate"), and each Certificate shall bear interest at the interest rate provided in the Loan Documents. The principal sum of each such Certificate, together with interest thereon, shall be payable out of the next available funds which constitute rents, issues, income, proceeds, revenues, and profits derived from, generated by, or otherwise related to the Receivership Property as a result of any sale thereof or otherwise. The advances shall be used according to the terms of a budget provided by the Receiver to Lender (or its successors or assigns) and approved by Lender (or its successors or assigns). Notwithstanding anything provided herein to the contrary, (i) the Receiver shall not be required to incur or become obligated to pay expenses, which, in his view, exceed the resources available to pay the same, and (ii) to the extent that there is a shortfall in cash to pay the reasonable expenses of the Receiver and the receivership estate (including the fees of the Receiver), Lender (or its successors or assigns) shall

advance the funds to cover the shortfall, provided that (a) Lender (or its successors or assigns) is provided a super-first-priority blanket lien upon the Receivership Property per the Certificates as provided herein and (b) in no event shall the funds advanced in connection with this receivership by Lender (or its successors or assigns) to the Receiver (including the fees and expenses of the Receiver and his counsel), in the aggregate, exceed the amount of **$200,000**, unless otherwise agreed to by Lender (or its successors or assigns).  To the extent that Lender (or its successors or assigns) does not promptly advance funds to cover any shortfall, including the payment of any outstanding unopposed fees of the Receiver, the Receiver may seek to close the receivership on an expedited basis;

z.    To draw upon and use the funds maintained in any accounts on which Borrower, or any of its agents, representatives, employees, or persons acting on its behalf, is a named account holder and into which rents, issues, income, proceeds, revenues, and profits derived from, generated by, or otherwise related to the Receivership Property have been deposited, as may be necessary to pay the costs and expenses of the receivership;

aa.    To present for payment any checks, money orders, and other forms of payment made payable to Borrower which constitute rents, issues, income, proceeds, revenues, or profits of the Receivership Property, endorse the same and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein;

bb.    To redirect all mail and correspondence relating to the management and maintenance of the Receivership Property; *provided, however,* that the Receiver shall promptly inform Borrower of any mail or correspondence addressed to Borrower that is received at the Receivership Property that does not relate to the management or maintenance of the Receivership Property;

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4935-7145-5076.1

-9-

~~[PROPOSED]~~ ORDER APPOINTING RECEIVER & PRELIM. INJ.

cc.     To monitor and utilize any internet sites used by Borrower, its agents, representatives, employees, or persons acting on its behalf for or in connection with the management and maintenance of the Receivership Property; and

dd.     To take actions relating to the Receivership Property beyond the scope contemplated herein, provided the Receiver obtains prior Court approval for such actions.

5.     Reporting. The Receiver shall have the following reporting duties.

a.     The Receiver shall, within 60 days of his appointment hereunder, file with the Court an inventory of all property of which he has taken possession pursuant to this Order and shall file a supplemental inventory if he later takes possession of other property. The Receiver's report shall also include preliminary reports as the business operations and an estimate as to any anticipated monthly shortfall based upon revenue and expense projects.

b.     The Receiver shall, on a monthly basis, prepare and serve on the parties, but not file with the Court, a profit-and-loss statement and balance sheet.

c.     The Receiver shall, within 30 days of his appointment, provide Lender with financial statements (profit-and-loss statement, balance sheet, and general ledger) reflecting the current financial condition of the hotel operated on the Receivership Property, along with a proposed preliminary budget for the following 60–90 days for the purpose of assessing the viability of the hotel operations and estimating any advances that may be required in order to secure the Receivership Property and maintain current operations if it is reasonable and prudent to do so. For the avoidance of doubt, the Receiver and Lender shall meet and confer as soon as practicable to address the viability of the hotel operations and whether the Receiver should attempt to maintain the business operations or cease operations and secure the Receivership Property pending the foreclosure sale.

d.     The Receiver shall, on a biweekly basis (or other longer period), serve on Lender (or its successors or assigns) a written statement and request for payment

of the fees and expenses incurred by and sought to be paid to the Receiver and his counsel on an interim basis. Within seven days of service of the written statement and request for payment, Lender (or its successors or assigns) may serve on the Receiver a written objection thereto, stating the nature of the objection and the specific amounts in dispute. If no written objection is timely served, the Receiver may pay fees and expenses to himself and his counsel as requested. If a written objection is timely served, the Receiver may, at his election, file a noticed motion for authority to pay the requested fees and expenses.

e.    Notwithstanding the periodic payment of the Receiver's and his counsel's fees and expenses on an interim basis, all written statements and requests for payment shall be submitted to the Court for approval and confirmation in connection with the Receiver's final report and account. All fees and expenses of the Receiver and his counsel paid on an interim basis shall be subject to final approval by the Court, and the Court retains jurisdiction to award a greater or lesser amount as the full, fair, and final value of the services rendered.

6.    Turnover. Borrower shall, and shall use commercially reasonable efforts to cause its members, managers, agents, representatives, employees, assignees, successors, and all persons acting under, in concert with, or for Borrower to, and all other persons with actual or constructive knowledge of this Order, except Lender, shall take the following actions in aid of the receivership:

a.    Turn over to the Receiver the possession and management of the Receivership Property and all keys, codes, usernames and passwords, security names, records, books of account, ledgers, and business records relating thereto (including, without limitation, transient occupancy tax records and tax returns), wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements, and canceled checks), and cooperate with the Receiver on updating any two-factor authentication credentials, if necessary;

*provided, however*, that Borrower shall not be required to turn over any documents or communications protected by the attorney-client privilege or work-product doctrine;

b.     Turn over to the Receiver all franchise agreements, royalty agreements, licensing agreements, property improvement plans, and other documents relating to the hotel franchise flag under which the Receivership Property is operated;

c.     Turn over to the Receiver all documents which constitute or pertain to all licenses, permits, or governmental approvals relating to the Receivership Property;

d.     Turn over to the Receiver all documents which constitute or pertain to insurance policies, whether currently in effect or lapsed, relating to the Receivership Property, advise the Receiver about the nature and extent of insurance coverage on the Receivership Property, and name the Receiver as an additional insured on each insurance policy on the Receivership Property;

e.     Turn over to the Receiver all construction contracts, leases and subleases, management agreements, franchise agreements, royalty agreements, licenses, assignments, or other agreements, whether currently in effect or lapsed, relating to the Receivership Property or any part thereof;

f.     Turn over to the Receiver all documents pertaining to past, present, or future construction of any type with respect to the Receivership Property or any part thereof;

g.     Turn over to the Receiver all documents of any kind pertaining to any and all toxic chemicals or hazardous materials, if any, ever brought, used, or remaining upon the Receivership Property, including, without limitation, any and all reports, surveys, inspections, checklists, proposals, orders, citations, fines, warnings, and notices;

h.    Turn over to the Receiver, and account to the Receiver for, all monies, checks, funds, or proceeds which represent rents, issues, income, proceeds, revenues, or profits derived from, generated by, or otherwise related to the Receivership Property (including, without limitation, all security deposits, capital contributions, prepaid rents, advances, storage fees, and parking fees), including, without limitation, such monies, checks, funds, or proceeds in the possession, custody, or control of Borrower, its agents, representatives, employees, or persons acting on its behalf or under its direction or control, and such monies, checks, funds, or proceeds deposited in bank accounts related to the Receivership Property, whether any or all such bank accounts are maintained in the name of an individual, corporation, partnership, or trust; *provided, however*, that Borrower shall not be required to turn over any monies, checks, funds, or proceeds unrelated to the Receivership Property or not within its possession, custody, or control; and

i.    Turn over to the Receiver the Tax Identification Number(s) and Social Security Number(s) used to operate the Receivership Property.

7.    Preliminary Injunction. The Court hereby issues a preliminary injunction enjoining Borrower and its members, managers, agents, representatives, employees, and all persons acting under, in concert with, or for Borrower, and all other persons with actual or constructive knowledge of this Order, and each of them, from:

a.    Committing or permitting any waste on the Receivership Property, or suffering, committing, or permitting any act on the Receivership Property in violation of applicable law, or removing, encumbering, or otherwise disposing of any of the Receivership Property (including any fixtures thereon);

b.    Demanding, collecting, or, in any other way, diverting or using any of the rents, issues, income, proceeds, revenues, or profits derived from, generated by, or otherwise related to the Receivership Property;

c.    Interfering in any manner with the discharge of the Receiver's duties;

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4935-7145-5076.1

-13-

[PROPOSED] ORDER APPOINTING RECEIVER & PRELIM. INJ.

d.      Interfering in any manner with the Receiver's possession and operation or management of the Receivership Property;

e.      Interfering in any manner with the Receiver's collection of rents, issues, income, proceeds, revenues, or profits derived from, generated by, or otherwise related to the Receivership Property;

f.      Expending, disbursing, transferring, assigning, selling, conveying, devising, encumbering, pledging, mortgaging, creating a security interest in, concealing, or disposing of the whole or any part of the Receivership Property, without the prior written consent of the Receiver; and

g.      Doing any act which will, or which will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Receivership Property, or Lender's interest in the Receivership Property.

8.      <u>Preliminary Injunction Bond</u>.  Pursuant to Code of Civil Procedure section 529, Lender shall post a preliminary injunction bond in the amount of **$10,000** or deposit cash in that same amount with the Court as an undertaking.

Dated:      09/03/2025

Bryant Y. Yang Bryant Y. Yang / Judge
Judge of the Superior Court of California for the County of Los Angeles

## United States Bankruptcy Court
### Central District of California

In re  **Great Wall International LLC**

Debtor(s)

Case No.  **2:26-bk-15140**
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Ever Kingdom Investment LLC**<br>**c/o May YS Kay, Agent for Service**<br>**704 Mira Monte Place Suite 201**<br>**Pasadena, CA 91101** | | | **90% Membershp Interest** |
| **Everlight Investment Corporation**<br>**Defined Benefit Pension Plan**<br>**I Min Kuo, Agent for Service**<br>**1232 St. Albans Road**<br>**San Marino, CA 91108** | | | **10% Membership Interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Managing Member** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  06/09/2026

Signature  **/s/ May Kay**
**May Kay**

*Penalty for making a false statement of concealing property* Fine of up to $500,000 or imprisonment for up to 5 years or both
18 U S C §§ 152 and 3571

Sheet 1 of 1 in List of Equity Security Holders

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

None

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  *Pasadena*  , California.

Date:  *06/09/2026*

/s/ May Kay
May Kay
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California

Fill in this information to identify the case:

Debtor name    **Great Wall International LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:26-bk-15140**

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

| Part 1: | Summary of Assets |
|---|---|

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B*........................................................................................    $    **0.00**

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B*....................................................................................    $    **0.00**

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B*......................................................................................    $    **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................    $    **22,561,293.80**

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 5a of *Schedule E/F*.........................................    $    **785,477.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................    +$    **813,601.81**

4.  **Total liabilities** ...........................................................................................................
   Lines 2 + 3a + 3b    $    **24,160,372.61**

**Fill in this information to identify the case:**

Debtor name    **Great Wall International LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:26-bk-15140**

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property    12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

Current value of debtor's interest

2.    **Cash on hand**    Unknown

3.    **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1.    **In reciever's possession.** | **Checking** | | **Unknown** |

4.    **Other cash equivalents** *(Identify all)*

5.    **Total of Part 1.**    **$0.00**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. Does the debtor have any deposits or prepayments?

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7.    **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1.    **Patron's deposits - In reciever's possession.** | **Unknown** |
| --- | --- |

8.    **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Debtor   **Great Wall International LLC**                             Case number *(If known)*   **2:26-bk-15140**
            Name

9.   **Total of Part 2.**                                                                                          **$0.00**

     Add lines 7 through 8. Copy the total to line 81.

**Part 3:   Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.   **Accounts receivable**

      11a. 90 days old or less:          **0.00**   -          **0.00**  = ....          **Unknown**
                                    face amount              doubtful or uncollectible accounts

12.   **Total of Part 3.**                                                                                          **$0.00**

      Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:   Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14.   **Mutual funds or publicly traded stocks not included in Part 1**

      Name of fund or stock:

      14.1. _____

15.   **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

      Name of entity:                                    % of ownership

      15.1. _____        _____ %

16.   **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

      Describe:

      16.1. _____

17.   **Total of Part 4.**
      Add lines 14 through 16.  Copy the total to line 83.

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.

Official Form 206A/B                  Schedule A/B Assets - Real and Personal Property                  page 2

Debtor   **Great Wall International LLC**                          Case number *(If known)*  **2:26-bk-15140**
         Name

■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** **In reciever's possession.** | | $0.00 | | Unknown |

| | |
|---|---|
| 23. **Total of Part 5.** Add lines 19 through 22.  Copy the total to line 84. | $0.00 |

24. **Is any of the property listed in Part 5 perishable?**
   ■ No
   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   ■ No
   ☐ Yes. Book value _____  Valuation method _____  Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** *Examples: Livestock, poultry, farm-raised fish* | | | |
| 30. **Farm machinery and equipment** *(Other than titled motor vehicles)* | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |

Debtor    **Great Wall International LLC**                                Case number *(If known)*  **2:26-bk-15140**
          Name

32.    **Other farming and fishing-related property not already listed in Part 6**

33.    **Total of Part 6.**
       Add lines 28 through 32.  Copy the total to line 85.

34.    **Is the debtor a member of an agricultural cooperative?**
       ☐ No
       ☐ Yes.  Is any of the debtor's property stored at the cooperative?
                ☐ No
                ☐ Yes

35.    **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
       ☐ No
       ☐ Yes. Book value _____    Valuation method _____    Current Value _____

36.    **Is a depreciation schedule available for any of the property listed in Part 6?**
       ☐ No
       ☐ Yes

37.    **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
       ☐ No
       ☐ Yes

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** <br> **In reciever's possession.** | **$0.00** | | **Unknown** |
| 40.  **Office fixtures** <br> **In reciever's possession.** | **$0.00** | | **Unknown** |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** <br> **In reciever's possession.** | **$0.00** | | **Unknown** |

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork;
       books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card
       collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                                              **$0.00**
       Add lines 39 through 42.  Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
       ■ No

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                        page 4

| Debtor | **Great Wall International LLC** | | Case number (If known) **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **47.   Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48.   Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| **49.   Aircraft and accessories** | | | |
| **50.   Other machinery, fixtures, and equipment (excluding farm<br>machinery and equipment)**<br>**ADC AD-120 Gas Dryer. [Rented]  In Receiver's<br>possession.** | $0.00 | N/A | Unknown |
| **In reciever's possession.** | $0.00 | | Unknown |

| 51. | **Total of Part 8.** | | $0.00 |
|---|---|---|---|
| | Add lines 47 through 50.  Copy the total to line 87. | | |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
   ■ No
   ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
   ■ No
   ☐ Yes

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of<br>property<br>Include street address or other<br>description such as Assessor<br>Parcel Number (APN), and type<br>of property (for example,<br>acreage, factory, warehouse,<br>apartment or office building, if<br>available. | Nature and<br>extent of<br>debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|

| Debtor | **Great Wall International LLC** | Case number *(If known)* **2:26-bk-15140** |
|---|---|---|
| | Name | |

| | | | |
|---|---|---|---|
| 55.1. | **In Receiver's Possession. 3223 East Garvey Avenue North, West Covina, California. A 2.94 Acre, full-service lodging facility known as the Holiday Inn West Covina, California.  136 rooms, a restaurant and lounge, 1,900 square feet of meeting space, an outdoor pool, a fitness room, a market pantry, guest laundry room, a lobby workstation and vending areas and equipment.** | Fee simple -   **Unknown**   N/A | **Unknown** |

**56.**  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

**$0.00**

**57.**  **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

**58.**  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59.**  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.**  **Patents, copyrights, trademarks, and trade secrets** | | | |
| **61.**  **Internet domain names and websites** **In reciever's possession.** | **$0.00** | | **Unknown** |
| **62.**  **Licenses, franchises, and royalties** **In reciever's possession.** | **$0.00** | | **Unknown** |
| **63.**  **Customer lists, mailing lists, or other compilations** **In reciever's possession.** | **$0.00** | | **Unknown** |

**64.**  **Other intangibles, or intellectual property**

Debtor    **Great Wall International LLC**                    Case number *(If known)* **2:26-bk-15140**
          Name

| | | |
|---|---|---|
| **In reciever's possession.** | $0.00 | Unknown |

65.   **Goodwill**
      **In reciever's possession.**                    $0.00                    Unknown

66.   **Total of Part 10.**                                                          | $0.00 |
      Add lines 60 through 65. Copy the total to line 89.

67.   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
      ■ No
      ☐ Yes

68.   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
      ■ No
      ☐ Yes

69.   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

| Part 11: | **All other assets** |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No.  Go to Part 12.
    ■ Yes Fill in the information below.

                                                                          **Current value of
                                                                          debtor's interest**

71.   **Notes receivable**
      Description (include name of obligor)

72.   **Tax refunds and unused net operating losses (NOLs)**
      Description (for example, federal, state, local)

73.   **Interests in insurance policies or annuities**

74.   **Causes of action against third parties (whether or not a lawsuit
      has been filed)**

      **Claim against Hua Nan Commercial Bank, LTD.**                    Unknown

      | Nature of claim | Fraud, lender liability, and other torts re Lending |
      |---|---|
      | Amount requested | $0.00 |

75.   **Other contingent and unliquidated claims or causes of action of
      every nature, including counterclaims of the debtor and rights to
      set off claims**

76.   **Trusts, equitable or future interests in property**

77.   **Other property of any kind not already listed** *Examples:* Season tickets,
      country club membership

      **In reciever's possession.**                    Unknown

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 7

Debtor    **Great Wall International LLC**
Name

Case number *(If known)* **2:26-bk-15140**

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | $0.00 |
|---|---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No
☐ Yes

Debtor    **Great Wall International LLC**                          Case number *(If known)*  **2:26-bk-15140**
          Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

| Fill in this information to identify the case: |
|---|

| | |
|---|---|
| Debtor name | **Great Wall International LLC** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:26-bk-15140** |

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property           12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of claim** <br> Do not deduct the value of collateral. | **Value of collateral that supports this claim** |
| **2.1 Hua Nan Commercial Bank, LTD** <br> Creditor's Name <br> **Los Angeles Branch** <br> **707 Wilshire Blvd., Suite 3100** <br> **Los Angeles, CA 90017** <br> Creditor's mailing address | Describe debtor's property that is subject to a lien <br> **3223 East Garvey Avenue North, West Covina, California. A 2.94 Acre, full-service lodging facility located in West Covina, California. Includes an assigment of Rents.** | **$21,676,285.80** | **Unknown** |
| | Describe the lien <br> **Deed of Trust** <br> Is the creditor an insider or related party? <br> ■ No <br> ☐ Yes | | |
| Creditor's email address, if known | Is anyone else liable on this claim? <br> ☐ No <br> ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) | | |
| Date debt was incurred <br><br> Last 4 digits of account number | | | |
| Do multiple creditors have an interest in the same property? <br> ☐ No <br> ■ Yes. Specify each creditor, including this creditor and its relative priority. <br> **1. Hua Nan Commercial Bank, LTD** <br> **2. U.S. Small Business Administration** <br> **3. New Omni Bank, N.A.** <br> **4. Los Angeles County Tax Collector** | As of the petition filing date, the claim is: <br> Check all that apply <br> ■ Contingent <br> ■ Unliquidated <br> ■ Disputed | | |
| **2.2 Los Angeles County Tax Collector** <br> Creditor's Name <br><br> **P.O. Box 54018** <br> **Los Angeles, CA 90054-0018** <br> Creditor's mailing address | Describe debtor's property that is subject to a lien <br> **In Receiver's Possession. 3223 East Garvey Avenue North, West Covina, California. A 2.94 Acre, full-service lodging facility known as the Holiday Inn West Covina, California. 136 rooms, a restaurant and lounge, 1,900 square feet of meeting** <br> Describe the lien | **$735,008.00** | **Unknown** |

| Debtor | **Great Wall International LLC** | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

**Real Property Taxes**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

■ No

**Date debt was incurred**
**06/30/2025**

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**
**6035**

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply

■ Contingent

☐ Unliquidated

■ Disputed

---

| 2.3 | **Merchants Bank, N.A., Minneaolis MN** | | **Unknown** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**7600 Parklawn Avenue Suite 384 Minnetonka, MN 55345**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**Rental Agreement for ADC AD-120 Gas Dryer.**

**Describe the lien**
**UCC Financing Statement -**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

■ No

**Date debt was incurred**
**04/31/2024**

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**
**9534**

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

| 2.4 | **New Omni Bank, N.A.** | | **Unknown** | **Unknown** |
|---|---|---|---|---|

Creditor's Name

**111 North Atlantic Blvd Monterey Park, CA 91754-1000**

Creditor's mailing address

**Describe debtor's property that is subject to a lien**
**In Receiver's Possession. 3223 East Garvey Avenue North, West Covina, California. A 2.94 Acre, full-service lodging facility known as the Holiday Inn West Covina, California. 136 rooms, a restaurant and lounge, 1,900 square feet of meeting**

**Describe the lien**
**2nd Deed of Trust**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☐ No

**Date debt was incurred**
**04/10/2020**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

---

Official Form 206D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 2 of 3

| Debtor | **Great Wall International LLC** | | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|---|
| | Name | | | |

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **U.S. Small Business Administration** | | | |
|---|---|---|---|---|

Creditor's Name

**Describe debtor's property that is subject to a lien**

$150,000.00    Unknown

**In Receiver's Possession. 3223 East Garvey Avenue North, West Covina, California. A 2.94 Acre, full-service lodging facility known as the Holiday Inn West Covina, California.  136 rooms, a restaurant and lounge, 1,900 square feet of meeting**

**Office of General Counsel
312 N. Spring Street, 5th Floo
Los Angeles, CA 90012**

Creditor's mailing address

**Describe the lien**
**UCC Financing Statement**
**Is the creditor an insider or related party?**

■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.1**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$22,561,293.80

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

| Fill in this information to identify the case: | |
| --- | --- |
| Debtor name | **Great Wall International LLC** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **2:26-bk-15140** |

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
| --- | --- | --- | --- | --- |

| | | | | |
| --- | --- | --- | --- | --- |
| **2.1** | Priority creditor's name and mailing address<br>**California Dept. of Fee & Tax Admin**<br>**P.O. Box 942879**<br>**Sacramento, CA 94279-0001** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 | $0.00 |
| | Date or dates debt was incurred | Basis for the claim:<br>**NOTICE ONLY** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (<u>8</u>) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address<br>**City of West Covina**<br>**1444 W. Garvey Avenue, South**<br>**West Covina, CA 91790** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>■ Contingent<br>■ Unliquidated<br>☐ Disputed | $785,477.00 | $785,477.00 |
| | Date or dates debt was incurred | Basis for the claim:<br>**Transit Occupancy Tax** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (<u>8</u>) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| Debtor | **Great Wall International LLC** | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Employment Development Department**
**Bankruptcy Group MIC 92E**
**PO Box 826880**
**Sacramento, CA 94280-0001**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**NOTICE ONLY**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Franchise Tax Board Bankruptcy Section MS: A-30**
**P.O. Box 2952**
**Sacramento, CA 95812-2952**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**NOTICE ONLY**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**NOTICE ONLY**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**Los Angeles County Tax Collector**
**P.O. Box 54110**
**Los Angeles, CA 90054-0110**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Notice only**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

| Debtor | **Great Wall International LLC** | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |
|---|---|---|---|---|

**State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**NOTICE ONLY**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

---

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,515.75 |
|---|---|---|---|

**ACM Security Systems
5779 Rosemead Blvd.
Temple City, CA 91780**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Security Camera**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $30,737.55 |
|---|---|---|---|

**Aimbridge Hospitality
5301 Headquarters Drive
Plano, TX 75024**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred _

Basis for the claim: **Management Fee**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $9,483.00 |
|---|---|---|---|

**Atkinson, Andelson, Loya,Ruud & Rom
12800 Center Court Drive
Suite 300
Cerritos, CA 90703**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Attorney**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $45,000.00 |
|---|---|---|---|

**Caroline Kuo
1355 Shadybrook Drive
Beverly Hills, CA 90210**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Loan**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $73,969.79 |
|---|---|---|---|

**Chase Bank
P.O. Box 6294
Carol Stream, IL 60197**

■ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Credit Card**

Last 4 digits of account number **0690**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Great Wall International LLC** | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
| | **David Stapleton**<br>**c/o J.S. Held Advisory Group**<br>**445 South Figueroa Street**<br>**Suite 2950**<br>**Los Angeles, CA 90071** | ■ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Fees for Recievership**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$9,892.16** |
| | **Imperial Dade**<br>**255 Route 1 & 9**<br>**Jersey City, NJ 07306** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Housekeeping supplies**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$358,788.34** |
| | **InterContinental Group**<br>**3585 Atlanta Avenue**<br>**Atlanta, GA 30354-1074** | ■ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Franchise Fee**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$12,912.00** |
| | **Maggie Zahan**<br>**1323 Waveley Drive**<br>**San Marino, CA 91108** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Loan**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$178,519.22** |
| | **May Kay**<br>**2270 Sherwood Road**<br>**San Marino, CA 91108** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Loan**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$5,040.00** |
| | **Ted Chang**<br>**6232 North Muscatel Ave**<br>**San Gabriel, CA 91775** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Accounting Consulting**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| | | | |
|---|---|---|---|
| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$19,484.00** |
| | **Thong, Yu, Wong & Lee**<br>**8450 Garvey Ave, Suite 200**<br>**Rosemead, CA 91770** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  **Certified Public Accountant**<br>Is the claim subject to offset? ■ No  ☐ Yes | |

| Debtor | **Great Wall International LLC** | Case number (if known) | **2:26-bk-15140** |
|---|---|---|---|
| | Name | | |

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $53,760.00 |
|---|---|---|---|

**Top Pure Water & Systems**
**2651 Lee Ave.**
**#9**
**South El Monte, CA 91733**

■ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim: Plumber**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $13,500.00 |
|---|---|---|---|

**Wendy Kay**
**2270 Sherwood Road**
**San Marino, CA 91108**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

**Basis for the claim: Loan**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

## Part 3:    List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 785,477.00 |
| 5b. Total claims from Part 2 | 5b.  + | $ | 813,601.81 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 1,599,078.81 |

Fill in this information to identify the case:

Debtor name    **Great Wall International LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:26-bk-15140**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property*
(Official Form 206A/B).

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Rental Agreement** | |
|---|---|---|---|
| | State the term remaining | | **Hewlett Packard Financial Services** **200 Connell Drive** **Suite 5000** **Berkeley Heights, NJ 07922** |
| | List the contract number of any government contract | | |

| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Rental Agreement for Clothes Washer** | |
|---|---|---|---|
| | State the term remaining | | **Merchants Bank, N.A., Minneaolis MN** **7600 Parklawn Avenue** **Suite 384** **Minnetonka, MN 55345** |
| | List the contract number of any government contract | | |

Hewlett Packard Financial Services
Lease Agreements

| INNCODE | DESCRIPTION | VENDOR | CLASS | STARTS | ENDS |
|---|---|---|---|---|---|
| LAXWC | HP HP ELITEONE 840 G9AiOTSis51260016GB/512PC | HP | Computer | 10/16/2023 | 10/15/2027 |
| LAXWC | AT&T FortiNet Firewall Device | AT&T | Network Gear | 6/26/2023 | 6/24/2028 |
| LAXWC | Freedom Pay IngenicoLane7000CamIHG_MOQ500 | Freedom Pay | Point of Sale | 11/17/2022 | 11/16/2026 |
| LAXWC | Comtrol RocketPort EXPRESS Octacable DB25 | Comtrol | Computer Periph | 10/16/2023 | 10/15/2027 |
| LAXWC | Lexmark Lexmark MS521dn Printer & Warranties IHG | Lexmark | Printer | 10/16/2023 | 10/15/2027 |
| LAXWC | Aruba ARUBA 6100 24G 4SFP+ SWCH PL-WBPERP | Aruba | IP Switch | 10/16/2023 | 10/15/2027 |
| LAXWC | Freedom Pay IngenicoLane7000CamIHG_MOQ500 | Freedom Pay | Point of Sale | 11/17/2022 | 11/16/2026 |
| LAXWC | HPE HPE AMD DL325 Gen10+ V2 Medium IHG Medium Serv | HPE | Server | 10/16/2023 | 10/15/2027 |
| LAXWC | HP HP ELITEONE 840 G9AiOTSis51260016GB/512PC | HP | Computer | 10/16/2023 | 10/15/2027 |
| LAXWC | HP HP P22 G5 FHD Monitor | HP | Monitor | 10/16/2023 | 10/15/2027 |
| LAXWC | HP HP ELITEONE 840 G9AiOTSis51260016GB/512PC | HP | Computer | 10/16/2023 | 10/15/2027 |
| LAXWC | APC APC Smart UPS C 1500VA RM 2U 120V | APC | UPS | 10/16/2023 | 10/15/2027 |

| Fill in this information to identify the case: |
| --- |

Debtor name    **Great Wall International LLC**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)    **2:26-bk-15140**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**

*Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
| --- | --- | --- | --- | --- |
| 2.1 | **David Kuo** | **1427 West Valley Blvd Suite 210 Alhambra, CA 91803** | **Hua Nan Commercial Bank, LTD** | ■ D __2.1__ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2 | **David Kuo** | **1427 West Valley Blvd Suite 210 Alhambra, CA 91803** | **Chase Bank** | ☐ D _____ <br> ■ E/F __3.5__ <br> ☐ G _____ |
| 2.3 | **David Kuo** | **1427 West Valley Blvd Suite 210 Alhambra, CA 91803** | **New Omni Bank, N.A.** | ■ D __2.4__ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.4 | **Pacific Snow Valley Resort** | **May Kay, agent for service 704 Mira Monte Place Suite 201 Pasadena, CA 91101** | **New Omni Bank, N.A.** | ■ D __2.4__ <br> ☐ E/F _____ <br> ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name **Great Wall International LLC**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **2:26-bk-15140**

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/25

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2026** to **Filing Date** | ■ Operating a business ☐ Other | **Unknown** |
| **For prior year:** From **1/01/2025** to **12/31/2025** | ■ Operating a business ■ Other **Through June 2025** | **$1,274,791.41** |
| **For year before that:** From **1/01/2024** to **12/31/2024** | ■ Operating a business ☐ Other | **$5,487,923.19** |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Debtor    **Great Wall International LLC**                                                    Case number *(if known)* **2:26-bk-15140**

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

◼ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

◼ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

◼ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | HUA NAN COMMERCIAL BANK, LTD. vs. GREAT WALL INTERNATIONAL LLC 25PSACV00416 | Receiver and Real Property Foreclosure | Superior Court of California Stanley Mosk Courthouse 111 N. Hill Street Los Angeles, CA 90012 | ◼ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| Hua Nan Commercial Bank, LTD Los Angeles Branch 707 Wilshire Blvd., Suite 3100 Los Angeles, CA 90017 | All property of the debtor. | Unknown |
| | **Case title** Hua Nuan Commercial Bank, LTd.,/Debtor **Case number** 25PSCV00416 **Date of order or assignment** 09/03/2025 | **Court name and address** Superior Court of Los Angeles Pomona Courthouse South 400 Civic Center Plaza Pomona, CA 91766 |

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

Official Form 207                    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 2

Debtor    **Great Wall International LLC**                    Case number *(if known)*  **2:26-bk-15140**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1.  **Unknown** | **In possession of Reciever** | | **$0.00** |
| **Recipients relationship to debtor** | | | |

---

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |
| **unknown** | **unknown** **In reciever's possession.** | | **$0.00** |

---

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1.  **GOE FORSYTHE & HODGES LLP** **17701 Cowan Lobby D, Suite 210 Irvine, CA 92614** | **Attorney Fees.** | **05/22/2026** | **$48,262.00** |
| **Email or website address** **rgoe@goeforlaw.com** | | | |
| **Who made the payment, if not debtor?** **May Kay, Debtor's Managing Member, as a gift to the Debtor.  Ms. Kay understand the Firm represents Debtor only and not her personally and that the Firm's undivided duty of loyalty is to Debtor only.** | | | |

Debtor   **Great Wall International LLC**                    Case number *(if known)* **2:26-bk-15140**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | **GOE FORSYTHE & HODGES LLP** **17701 Cowan** **Lobby D, Suite 210** **Irvine, CA 92614** | **Filing Fees** | **05/22/2026** | **$1,738.00** |

Email or website address
**rgoe@goeforlaw.com**

Who made the payment, if not debtor?
**May Kay, Debtor's Managing Member, as a gift to the Debtor. Ms. Kay understand the Firm represents Debtor only and not her personally and that the Firm's undivided duty of loyalty is to Debtor only.**

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | **David Stapleton** **c/o J.S. Held Advisory Group** **445 South Figueroa Street** **Suite 2950** **Los Angeles, CA 90071** | **ALL OF THE ASSETS OF THE DEBTOR** | **09/3/2025** | **Unknown** |

Relationship to debtor
**STATE COURT RECEIVER**

---

**Part 7:   Previous Locations**

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:   Health Care Bankruptcies**

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:

Official Form 207            Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 4

Debtor    **Great Wall International LLC**                                    Case number *(if known)*  **2:26-bk-15140**

- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■    No. Go to Part 9.
☐    Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

<hr>

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐    No.
■    Yes. State the nature of the information collected and retained.

   **Credit Card information and residential addresses.**

   Does the debtor have a privacy policy about that information?
   ☐ No
   ■ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■    No. Go to Part 10.
☐    Yes. Does the debtor serve as plan administrator?

<hr>

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

Official Form 207              Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 5

Debtor    **Great Wall International LLC**                    Case number *(if known)*  **2:26-bk-15140**

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■  No.
☐  Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
| --- | --- | --- | --- |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■  No.
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed | |
| --- | --- | --- | --- |

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service<br>From-To |
| --- | --- | --- |

---

Debtor    **Great Wall International LLC**                                              Case number *(if known)* **2:26-bk-15140**

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.1. | **David Stapleton**<br>**c/o J.S. Held Advisory Group**<br>**445 South Figueroa Street**<br>**Suite 2950**<br>**Los Angeles, CA 90071** | **09/03/2025 to present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | **David Stapleton**<br>**c/o J.S. Held Advisory Group**<br>**445 South Figueroa Street**<br>**Suite 2950**<br>**Los Angeles, CA 90071** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Ever Kingdom Investment LLC** | **c/o May YS Kay, Agent for Service**<br>**704 Mira Monte Place Suite 201**<br>**Pasadena, CA 91101** | **Member** | **90%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Everlight Investment Corporation** | **Defined Benefit Pension Plan**<br>**I Min Kuo, Agent for Service**<br>**1232 St. Albans Road**<br>**San Marino, CA 91108** | **Member** | **10%** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

Official Form 207                    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    page 7

Debtor   **Great Wall International LLC**                      Case number *(if known)*   **2:26-bk-15140**

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

Name of the parent corporation                    **Employer identification number of the parent corporation**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

Name of the pension fund                    **Employer identification number of the pension fund**

**Part 14:** **Signature and Declaration**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/09/2026

/s/ May Kay                                      May Kay
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **Managing Member**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## Central District of California

In re **Great Wall International LLC**                                    Case No.  **2:26-bk-15140**

                                                    Debtor(s)            Chapter   **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐  **FLAT FEE**

For legal services, I have agreed to accept                              $  _____

Prior to the filing of this statement I have received                    $  _____

Balance Due                                                              $  _____

■  **RETAINER**

For legal services, I have agreed to accept and received a retainer of   $       **48,262.00**

The undersigned shall bill against the retainer at an hourly rate of     $         **725.00**
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved
fees and expenses exceeding the amount of the retainer.

2.  $ **1,738.00**  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☐  Debtor     ■  Other (specify):   **May Kay, managing member as a Gift to the Debtor, such that no repayment will be sought by Ms. Kay. Ms. Kay understand the Firm represents Debtor only and not her personally and that the Firm's undivided duty of loyalty is to Debtor only.**

4.  The source of compensation to be paid to me is:

■  Debtor     ☐  Other (specify):

5.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [List other services that counsel has agreed to provide]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtor in any State Court or Adversary Proceeding.**

In re      **Great Wall International LLC**                                  Case No.   **2:26-bk-15140**

_____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

| CERTIFICATION |
|---|

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

06/09/2026
_____
*Date*

/s/ Robert P. Goe
**Robert P. Goe 137019**
*Signature of Attorney*
**GOE FORSYTHE & HODGES LLP**
**17701 Cowan**
**Lobby D, Suite 210**
**Irvine, CA 92614**
**(949) 798-2460   Fax: (949) 955-9437**
**rgoe@goeforlaw.com**
*Name of law firm*

Attorney or Party Name, Address, Telephone & FAX Nos., FOR COURT USE ONLY
State Bar No. & Email Address
**Robert P. Goe 137019**
**17701 Cowan**
**Lobby D, Suite 210**
**Irvine, CA 92614**
**(949) 798-2460 Fax: (949) 955-9437**
California State Bar Number: 137019 CA
**rgoe@goeforlaw.com**

☐  *Debtor(s) appearing without an attorney*

▉  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Great Wall International LLC**

CASE NO.: **2:26-bk-15140**

CHAPTER: 11

### VERIFICATION OF MASTER
### MAILING LIST OF CREDITORS

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of _3_ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:    *06/09/2026.*

/s/ May Kay
Signature of Debtor

Date:

Signature of Debtor 2 (joint debtor) ) (if applicable)

# EXHIBIT 2

**PlnDue, DsclsDue**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:26-bk-15140-VZ

*Date filed:* 05/26/2026
*341 meeting:* 06/17/2026
*Deadline for objecting to discharge:* 08/17/2026

*Assigned to:* Vincent P. Zurzolo
Chapter 11
Voluntary
Asset

*Debtor*
**Great Wall International LLC**
Attention: May Kay
704 Mira Monte Place
Suite 201
Pasadena, CA 91101
LOS ANGELES-CA
Tax ID / EIN: 80-0841111
*dba* **Pacific Stay Hotel**

represented by **Robert P Goe**
Goe Forsythe & Hodges LLP
17701 Cowan
Building D
Suite 210
Irvine, CA 92614
949-798-2460
Fax : 949-955-9437
Email: rgoe@goeforlaw.com

*U.S. Trustee*
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

represented by **Kelly L Morrison**
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 05/26/2026 | [1](#) (15 pgs; 2 docs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Great Wall International LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 06/9/2026. Schedule A/B: Property (Form 106A/B or 206A/B) due 06/9/2026. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 06/9/2026. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 06/9/2026. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 06/9/2026. Schedule H: Your Codebtors (Form 106H or 206H) due 06/9/2026. Declaration About an Individual Debtors Schedules (Form 106Dec) due 06/9/2026. Statement of Financial Affairs (Form 107 or 207) due 06/9/2026. Statement of Related Cases (LBR Form F1015-2) due 06/9/2026. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 06/9/2026. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 06/9/2026. Incomplete Filings due by 06/9/2026. (Goe, Robert) WARNING: Case is also deficient for List of Equity Security Holders due 6/9/26. See docket entries 4 and 5 for further details. Modified on 5/26/2026 (SM2). (Entered: 05/26/2026) |

| | | |
|---|---|---|
| 05/26/2026 | | Receipt of Voluntary Petition (Chapter 11)( 2:26-bk-15140) [misc,volp11] (1738.00) Filing Fee. Receipt number A60135143. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 05/26/2026) |
| 05/26/2026 | 2 | Request for a Certified Copy Fee Amount $12. The document will be sent via email to :ajohnston@goeforlaw.com: Filed by Debtor Great Wall International LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Goe, Robert) (Entered: 05/26/2026) |
| 05/26/2026 | | Receipt of Request for a Certified Copy( 2:26-bk-15140) [misc,paycert] ( 12.00) Filing Fee. Receipt number A60135204. Fee amount 12.00. (re: Doc# 2 ) (U.S. Treasury) (Entered: 05/26/2026) |
| 05/26/2026 | 3 | Certified Copy Emailed to ajohnston@goeforlaw.com (Entered: 05/26/2026) |
| 05/26/2026 | | Set Case Commencement Deficiency Deadlines (def/deforco) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Great Wall International LLC) List of Equity Security Holders due 6/9/2026. (SM2) (Entered: 05/26/2026) |
| 05/26/2026 | 4 (1 pg) | Notice of Case Deficiency Under 11 U.S.C. Sec. 521(a)(1) and Bankruptcy Rule 1007 (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Great Wall International LLC) (SM2) (Entered: 05/26/2026) |
| 05/26/2026 | 5 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Great Wall International LLC) (SM2) (Entered: 05/26/2026) |
| 05/27/2026 | 6 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 6/17/2026 at 09:30 AM at UST-LA2, TELEPHONIC MEETING. CONFERENCE LINE:1-888-330-1716, PARTICIPANT CODE:8009991. Last day to oppose discharge or dischargeability is 8/17/2026. (LL2) (Entered: 05/27/2026) |
| 05/28/2026 | 7 (20 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Robert P. Goe and Goe Forsythe & Hodges LLP as General Bankruptcy Counsel to Debtor *Debtors Application To Employ Goe Forsythe & Hodges LLP, As General Bankruptcy Counsel; Declaration Of Robert P. Goe In Support Thereof with proof of service* Filed by Debtor Great Wall International LLC (Goe, Robert) (Entered: 05/28/2026) |
| 05/28/2026 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Great Wall International LLC) No. of Notices: 1. Notice Date 05/28/2026. (Admin.) (Entered: 05/28/2026) |
| 05/28/2026 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)4 Notice of Case Deficiency (11 U.S.C. Sec. 521 & Rule 1007) (Ch 11/12) (BNC)) No. of Notices: 1. Notice Date 05/28/2026. (Admin.) (Entered: 05/28/2026) |
| 05/29/2026 | 10 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Zaro, David. (Zaro, David) (Entered: 05/29/2026) |

| 05/29/2026 | 11 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Pham, Matthew. (Pham, Matthew) (Entered: 05/29/2026) |
|---|---|---|
| 05/29/2026 | 12 (5 pgs) | BNC Certificate of Notice (RE: related document(s)6 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 14. Notice Date 05/29/2026. (Admin.) (Entered: 05/29/2026) |
| 06/05/2026 | 13 (7 pgs) | Order: (1) Setting Conference on Status of Reorganization Case; (2) Requiring Debtor-in-Possession to Appear at Status of Conference and File Report on Status of Reorganization Case, or Face Possible (A) Conversion of Case to Chapter 7; or (B) Dismissal of Case; or (C) Appointment of Trustee; (3) Requiring Compliance with Standards re Employment and Fee Applications; (4) Giving Notice of Probable use of Court-Appointed Expert Witness for Contested Valuation Requests; (5) Mandating use of Forms for Disclosure Statement and Plan; and (6) Establishing Procedure for (A) Motion for Order Approving Adequacy of Disclosure Statement; and (B) Motion for Order Confirming Plan. I ORDER THE FOLLOWING: The Debtor must appear at the status conference via counsel. The status conference is set for July 16, 2026, at 10:00 a.m. in courtroom 1368, Roybal Federal Building 255 E. Temple St., Los Angeles, CA 90012. "for additional information refer to image" (BNC-PDF) (Related Doc # 1 ) Signed on 6/5/2026 (TJ) (Entered: 06/05/2026) |
| 06/05/2026 | | Hearing Set (RE: related document(s) 13 Order (Generic) (BNC-PDF) ) Status Hearing to be held on 07/16/2026 at 10:00 AM 255 E. Temple St.Courtroom 1368Los Angeles, CA 90012. The hearing judge is Vincent Zurzolo (TJ) (Entered: 06/05/2026) |
| 06/08/2026 | 14 (13 pgs) | Notice of Hearing *Notice Of Order: (1) Setting Conference On Status Of Reorganization Case; (2) Requiring Debtor-In-Possession To Appear At Status Conference And File Report On Status Of Reorganization Case, Or Face Possible (A) Conversion Of Case To Chapter 7; (B) Dismissal Of Case; Or (C) Appointment Of Trustee; (3) Requiring Compliance With Standards Re Employment And Fee Applications; (4) Giving Notice Of Probable Use Of Court-Appointed Expert Witness For Contested Valuation Requests; (5) Mandating Use Of Forms For Disclosure Statement And Plan; And (6) Establishing Procedure For (A) Motion For Order Approving Adequacy Of Disclosure Statement; And (B) Motion For Order Confirming Plan* with proof of service Filed by Debtor Great Wall International LLC. (Goe, Robert) (Entered: 06/08/2026) |
| 06/08/2026 | 15 | Notice to Filer of Correction Made/No Action Required: **Other: CORRECTION: Notice of Mismatch between filed document and docket event. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)14 Notice of Hearing (BK Case) filed by Debtor Great Wall International LLC) (TJ) (Entered: 06/08/2026) |
| 06/09/2026 | 16 (51 pgs) | Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) , Statement , List of Equity Security Holders , Statement of Related Cases (LBR Form 1015-2.1) , Summary of Assets and Liabilities for Non-Individual (Official Form 106Sum or 206Sum) , Schedule A/B Non-Individual: Property (Official Form 106A/B or 206A/B) , Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Non-Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Non- |

| | | |
|---|---|---|
| | | Individual Filing for Bankruptcy (Official Form 107 or 207) , Disclosure of Compensation of Attorney for Debtor (Official Form 2030) , Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Great Wall International LLC. (Goe, Robert) (Entered: 06/09/2026) |
| 06/10/2026 | 17 (1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)16 Declaration Under Penalty of Perjury for Non-Individual Debtors (Official Form 202) filed by Debtor Great Wall International LLC, Statement, List of Equity Security Holders, Statement of Related Cases (LBR Form 1015-2.1), Summary of Assets and Liabilities (Official Form 106Sum or 206Sum), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Statement of Financial Affairs (Official Form 107 or 207) (Official Form 107 or 207), Disclosure of Compensation of Atty for Debtor (Official Form 2030), Verification of Master Mailing List of Creditors (LBR F1007-1)) (SM2) (Entered: 06/10/2026) |
| 06/10/2026 | 18 (6 pgs) | Notice *of Chapter 11 Bankruptcy Case.* Filed by Debtor Great Wall International LLC (RE: related document(s)1 Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by Great Wall International LLC Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 06/9/2026. Schedule A/B: Property (Form 106A/B or 206A/B) due 06/9/2026. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 06/9/2026. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 06/9/2026. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 06/9/2026. Schedule H: Your Codebtors (Form 106H or 206H) due 06/9/2026. Declaration About an Individual Debtors Schedules (Form 106Dec) due 06/9/2026. Statement of Financial Affairs (Form 107 or 207) due 06/9/2026. Statement of Related Cases (LBR Form F1015-2) due 06/9/2026. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 06/9/2026. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 06/9/2026. Incomplete Filings due by 06/9/2026. (Goe, Robert) WARNING: Case is also deficient for List of Equity Security Holders due 6/9/26. See docket entries 4 and 5 for further details. Modified on 5/26/2026 (SM2).). (Goe, Robert) (Entered: 06/10/2026) |
| 06/10/2026 | 19 (3 pgs) | List of Creditors (Master Mailing List of Creditors) *Addendum to Master Mailing List* Filed by Debtor Great Wall International LLC. (Goe, Robert) (Entered: 06/10/2026) |
| 06/10/2026 | 20 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)13 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/10/2026. (Admin.) (Entered: 06/10/2026) |
| 06/11/2026 | 21 | Notice to Filer of Error and/or Deficient Document **Docket event was incorrectly selected for filings requiring no filing fee, however, the document filed indicates that a filing fee is due (Creditors not added till fee is paid). Mandatory Form 1007-1.1AMENDED.SUMMARY not included with PDF**THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT FEE DOCKET EVENT AND FORM. (RE: related document(s)19 List of Creditors (Master |

| | | |
|---|---|---|
| | | Mailing List of Creditors) filed by Debtor Great Wall International LLC) (SM2) (Entered: 06/11/2026) |
| 06/12/2026 | 22 (2 pgs) | BNC Certificate of Notice (RE: related document(s)17 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 06/12/2026. (Admin.) (Entered: 06/12/2026) |
| 06/15/2026 | 23 (4 pgs) | Amendment to List of Creditors. *Addendum to Mailng List* Fee Amount $34 Filed by Debtor Great Wall International LLC. (Goe, Robert) (Entered: 06/15/2026) |
| 06/15/2026 | | Receipt of Amended List of Creditors (Fee)( 2:26-bk-15140-VZ) [misc,amdcm] ( 34.00) Filing Fee. Receipt number A60227967. Fee amount 34.00. (re: Doc# 23) (U.S. Treasury) (Entered: 06/15/2026) |
| 06/15/2026 | 24 (4 pgs) | Periodic Report on Related Entities Regarding Value, Operations and Profitability of Entities in Which the Estate Holds a Substantial or Controlling Interest. Report as of: 05/26/2026 Filed by Debtor Great Wall International LLC. (Goe, Robert) (Entered: 06/15/2026) |
| 06/16/2026 | 25 (24 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *and Notice of Motion on Debtor's Application to Employ Goe Forsythe & Hodges LLP as General Counsel and Proof of Service* Filed by Debtor Great Wall International LLC (RE: related document(s)7 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Robert P. Goe and Goe Forsythe & Hodges LLP as General Bankruptcy Counsel to Debtor *Debtors Application To Employ Goe Forsythe & Hodges LLP, As Genera). (Goe, Robert) (Entered: 06/16/2026)* |
| 06/16/2026 | 26 (6 pgs) | Notice of lodgment *of Order on Debtor's Application to Employ Goe Forsythe & Hodges LLP as General Counsel and Proof of Service* Filed by Debtor Great Wall International LLC (RE: related document(s)7 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Robert P. Goe and Goe Forsythe & Hodges LLP as General Bankruptcy Counsel to Debtor *Debtors Application To Employ Goe Forsythe & Hodges LLP, As General Bankruptcy Counsel; Declaration Of Robert P. Goe In Support Thereof with proof of service* Filed by Debtor Great Wall International LLC). (Goe, Robert) (Entered: 06/16/2026) |
| 06/16/2026 | 27 | Notice to Filer of Correction Made/No Action Required: **Other: CORRECTION: Notice of Mismatch between filed document and docket event. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)7 Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1) filed by Debtor Great Wall International LLC) (TJ) (Entered: 06/16/2026) |

**PACER Service Center**

**Transaction Receipt**

| 06/17/2026 06:42:40 | | | |
|---|---|---|---|
| **PACER Login:** | klmorrisonesq | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-bk-15140-VZ Fil or Ent: filed From: 3/19/2026 To: 6/17/2026 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd., Ste. 1850, Los Angeles, CA  90017

A true and correct copy of the foregoing document entitled (*specify*): UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. SECTION 1112(b) TO DISMISS OR CONVERT; DECLARATION OF MARLENE FOUCHE IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/17/26 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/17/26 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 6/17/26 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/17/26 | Kelly L. Morrison | /s/ Kelly L. Morrison |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**SECTION I – NEF SERVICE**

Robert P Goe, debtor's counsel, rgoe@goeforlaw.com,
kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Kelly L Morrison, counsel for UST, kelly.l.morrison@usdoj.gov

Matthew D Pham, creditor's counsel, mpham@allenmatkins.com, mdiaz@allenmatkins.com

United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

David R Zaro, creditor's counsel, dzaro@allenmatkins.com

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Great Wall International LLC
Attention: May Kay
704 Mira Monte Place, Suite 201
Pasadena, CA 91101

**Receiver**
David P. Stapleton
Stapleton Group
445 South Figueroa St., Ste. 2950
Los Angeles, CA 90071

**Judge**
Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St., Ste. 1360
Los Angeles, CA  90012

**SECTION III – EMAIL/PERSONAL DELIVERY**

N/A